IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Dwayne Towns (B-39649), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 9617 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| Tom Dart, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate at Menard Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement while detained at the Cook County Jail. In January 2015, the matter was consolidated for coordinated pretrial proceedings with *Cox v. Dart*, No. 13 C 5874 (N.D. Ill.) because it involved substantially similar claims concerning the overall conditions of confinement at the Cook County Jail. This matter has now been deconsolidated and is before the Court on Defendant Tom Dart's motion for summary judgment. In addition, Plaintiff seeks the recruitment of counsel to help him amend his response to the pending motion. For the reasons stated in this order, the Defendant's motion for summary judgment [61] is denied and the Plaintiff's motion for counsel [73] is entered and continued to the next hearing date.

**Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hanover Ins. Co. v. Northern Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). In determining whether factual issues exist, the

court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Ass'n, Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which he bears the burden at trial. *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936-937 (7th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-23). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

**Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts**

Plaintiff submitted a response to Defendant's statement of material facts and motion for summary judgment [67] and a supplemental response to Defendant's statement of material facts [74]. As to Plaintiff's initial response, in light of all of Defendant's substantive statements of fact being derived from Plaintiff's deposition, Plaintiff agrees that he testified to these matters in his deposition but adds additional "facts" in his response. [67] However, he fails to cite to any portion of the record to support the additional facts. For example,

> 15) Plaintiff stated that mold got on his personal property bag, but he was able to wipe it off. [Response] ("yes") mold got on my personal property my legal papers and my commissary items and yes I was able to wipe it off. But only so it could return again.

As to Plaintiff' supplemental response, Plaintiff includes eleven "statements." Some of the statements appear to correspond to Defendant's substantive statement of fact (*i.e.,* statements 1-5) and other statements appear to be additional facts Plaintiff seeks to introduce (*i.e.*, statements 6-11). None of the statements are supported by reference to the affidavits, parts of the record, or other supporting materials relied upon to support the statements.

Although Plaintiff failed to completely comply with Local Rule 56.1, the Court will, in general, incorporate Plaintiff's factual assertions that Plaintiff properly could testify to at trial to the extent that they provide additional facts relevant to the Court's analysis. *See Bentz v. Hardy*, No. 15-1344, 638 Fed. App'x 535, 536 (7th Cir. Apr. 8, 2016) (finding that, even where plaintiff failed to respond properly to statement of uncontested facts, "[t]hat misstep was not fatal" because defendants chiefly relied upon plaintiff's discovery deposition as their evidentiary source, rendering his account of prison conditions undisputed").

With the above standards in mind, the Court turns to the facts of this case.

## **Facts**

Plaintiff was a detainee at Cook County Jail ("CCJ") beginning December 2013. (Def.'s Statement of Material Fact [DSOMF] (Dkt. 62), at ¶ 1.) Plaintiff was housed in Division 3 Annex from February 14, 2014 through March 1, 2014. (*Id.* at ¶ 3.) Plaintiff testified that there was no heat in Division 3 Annex and that he was freezing every day. (*Id.* at ¶¶ 5-6.) The cold temperatures made Plaintiff's fingertips cold and caused him to cough. (*Id.* at ¶ 7.) There was

also no hot water in the showers. (*Id.* at ¶ 9.) Sometimes the shower would warm, but it was never hot. (*Id.*; Pl.'s Dep., 12:22-13:7.)

There was mold on the walls, on his bunk, in the washroom, and on his bag. (DSOMF at ¶ 12.) Plaintiff was able to get cleaning supplies from inmate workers and cleaned his cell a couple of days a week. (*Id.* at ¶ 16.) Plaintiff's mattress was "torn and raggedy" causing him back pain. (*Id.* at ¶ 17.)

The toilets in Plaintiff's wing leaked, causing Plaintiff's pants to get wet. (*Id.* at ¶¶ 18-19.) The roof also leaked in certain spots, causing Plaintiff's bed to get wet. (*Id.* at ¶ 23.) The paint on the tier was also chipping off and sometimes landed in his food. (*Id.* at ¶¶ 20, 22.)

## **<u>Analysis</u>**

Dart argues that Plaintiff has failed to demonstrate that the alleged conditions rose to a constitutional violation and that Dart was deliberately indifferent to any of the alleged living conditions.

A pretrial detainee's claim of unconstitutional conditions of confinement is analyzed under the Fourteenth Amendment's Due Process Clause. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). However, given that the protections under the Fourteenth Amendment's Due Process Clause are at least as broad as those under the Eighth Amendment for convicted prisoners, courts look to Eighth Amendment case law when addressing a pretrial detainee's claims. *Rice v. Correctional Med. Serv.*, 675 F.3d 650, 664 (7th Cir. 2012). A pretrial detainee is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not

mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to prison living conditions, an inmate must be able to demonstrate that: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendant acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)).

1. **The Conditions of Confinement**

In assessing the objective severity of jail conditions, courts must consider the nature of the conditions, their duration, and any harm caused to Plaintiff. *Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094 at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013). Furthermore, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have 'a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842-43 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)); *Gray v. Hardy*, 826 F.3d 1000, 1005-6 (7th Cir. 2016) (courts must take a "holistic view of the conditions" and not consider simply whether each individual condition rises to a constitutional violation). The deprivation, however, must be sufficiently serious. *Gray*, 826 F.3d at 1005. The plaintiff must show that he suffered some type of cognizable harm from the conditions. *Id.*, at 1006. Nevertheless, a plaintiff need not have contracted a disease or suffered

5

any physical pain for a jury to reasonably conclude that conditions constituted a constitutional violation. *See Thomas*, 697 F.3d at 614 (discussing harms a prisoner may endure due to insect infestation, including actual disease and psychological or probabilistic harm).

The Court finds that there is a triable issue as to whether Plaintiff's conditions of confinement by themselves and/or in combination rose to the level of a constitutional violation.

**a.      Cold Conditions**

Various factors are considered when determining whether cell temperatures amount to a constitutional violation. These factors include the severity of the temperature, the duration of the high/low temperature, whether the inmate has other means to protect himself from the temperature, and whether the inmate had to endure other uncomfortable or harsh conditions. *See Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir.1997); *see also Jones-El v. Berge*, 374 F.3d 541, 543 (7th Cir. 2004). For example, conditions such as a temperature in the plaintiff's cell during the day and night that averaged around 40 degrees Fahrenheit for a four-day period constituted a constitutional violation. *See Dixon*, 114 F.3d at 643-44; *see also Del Raine v. Willford*, 32 F.3d 1024, 1035 (7th Cir. 1994) (temperature within cell that was near temperature outside, which was forty degrees below zero with wind chill, constituted unconstitutional living condition).

Here, while the duration of Plaintiff's exposure to the cold was for a short time period – fourteen days, Plaintiff testified that all of Division 3 Annex was "freezing." In addition, Plaintiff testified that leaking water caused his pants and bed to get wet. Wet clothing and bedding would exacerbate the harm and discomfort caused by cold living conditions. Dart, in response, has submitted no evidence of the temperature on Plaintiff's tier or the condition of the heating system. Nor is there any evidence that Plaintiff was provided with other means to

6

protect himself from the cold. Thus, there is a disputed issue of material fact as to whether the temperature of Plaintiff's tier was "so low . . . as to cause severe discomfort." *Dixon*, 114 F.3d at 644 (quoting *Del Raine*, 32 F.3d at 1035).

b.  **Combination of Conditions**

Even without further analysis of other single issues on Plaintiff's tier in Division 3 Annex, a genuine issue of material fact exists as to whether the conditions of Plaintiff's confinement, when viewed together, rose to a constitutional violation. The totality of these conditions included the cold temperatures addressed above, paint chips in Plaintiff's food, a lack of hot water, inadequate bedding, and the presence of mold. *See e.g., Gray*, 826 F.3d at 1006 (insect infestation along with lack of cleaning supplies and broken window in cell could constitute unconstitutional conditions of confinement); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner housed in cell for six days where floor was covered with water, sink and toilet did not function, and walls were smeared with blood and feces suffered unconstitutional conditions of confinement); *Conwell v. Johnsen*, No. 12 C 10062, 2016 WL 6661169, at *17 (N.D. Ill. Nov. 9, 2016) (finding that the totality of conditions, including lack of hot water, cold temperatures, lack of accommodation for disability, cockroach infestation, and blood and feces on walls constituted a triable issue of fact as to whether conditions were unconstitutional); *Brown v. Duvall*, No. 15 C 1672, 2016 WL 3125002, at *4 (N.D. Ill. June 3, 2016) (finding question of material fact existed as to whether conditions rose to unconstitutional level where cell was cold, plaintiff had dirty mattress with no pillow or blanket, and pests were present in cell). A trier of fact may find that the combined effect of Plaintiff's conditions, even over a short period of time, was sufficiently serious, particularly given that the conditions,

according to Plaintiff, caused him cold fingertips, a cough, and back pain. *See Thomas*, 697 F.3d at 614.

### 2. Deliberate Indifference to the Conditions

In order to be held liable under § 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted.) "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773. Establishing that an official acted negligently does not suffice. *Id*. "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." *Id.* The doctrine of *respondeat superior* does not apply to § 1983 actions. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Rather, to be held liable under § 1983, supervisors, such as Dart here, must "know about the [unconstitutional] conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010).

Plaintiff brought suit only against Sheriff Thomas Dart. Plaintiff has not demonstrated that he informed Dart about the conditions of his confinement and thus has not demonstrated Dart's personal involvement through this means. Construing the facts generously, however, Plaintiff suggests systemic conditions of which Dart's knowledge might be inferred. *See Antonell v. Sheahani*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (holding that senior correctional officials could be expected to know of, or participate in creating, systemic conditions at the facility); *Gray v. Hardy*, 826 F.3d 1000, 1008-09 (7th Cir. 2016) (finding summary judgment

was improper because jury could infer that warden, based on his supervisory role, was aware of systemic pest infestation). The conditions of confinement continued throughout Plaintiff's detention and Dart offers no evidence as to any type of maintenance or repair of the heating system or any steps taken to eliminate the mold. *See id.*

Dart contends that federal monitor Harry Grenawitzke's findings in *United States v. Cook County*, Case No. 10 C 2946, demonstrate effective efforts to improve the conditions at Cook County Jail and therefore are evidence that Dart was not deliberately indifferent. Dart, however, fails to offer an evidentiary basis for the admission of the monitor's report. To the contrary, such reports have been found to be inadmissible for the truth of the matter asserted, although they are perhaps admissible for the purpose of establishing that the defendants were on notice of their contents. *Daniel v. Cook County*, 833 F.3d 728, 743 (7th Cir. 2016); *Thompson v. Taylor*, No. 13 C 6946, 2016 WL 5080484, at * 9 (N.D. Ill. Sept. 20, 2016) (Pallmeyer, J.) (finding monitor report from *United States v. Cook County*, Case No. 10 C 2946 was not admissible as substantive evidence but was admissible to show that the defendants were on notice of the alleged deficiencies).

In the instant case, the Monitor Report of May 17, 2014, following Monitor Grenawitzke's March 11–14, 2014, inspection of the CCJ, may be used in this manner as evidence that Dart had notice that the monitor had previously found systematic deficiencies, and that the monitor now found that those deficiencies were being addressed. *United States v. Cook County*, Case No. 10 C 2946, Dkt. 233, pgs. 1-2. At this stage, all reasonable inferences must be drawn in Plaintiff's favor, and this Court therefore concludes that a genuine issue of material fact

exists as to whether Dart was aware of the systemic prison conditions and failed to take adequate corrective action. *See Gray*, 826 F.3d at 1008-09.

As a final matter, this Court notes that the Plaintiff filed a motion for attorney representation. Although Plaintiff's request for assistance was limited to his obligation to respond to the motion for summary judgment, the factual conditions which Plaintiff sets forth remain relevant. The Court will accordingly consider the matter on its next hearing date.

## **Conclusion**

For the foregoing reasons, Dart's motion for summary judgment [53] is denied. Plaintiff's motion for recruitment of counsel [73] is entered and continued.

Dated: October 13, 2017

Judge Sharon Johnson Coleman
United States District Court Judge